**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BRIAN KEITH ALFORD,

       Plaintiff,      :      Case No. 3:10-cv-424

                                                District Judge Walter Herbert Rice
   -vs-                                       Magistrate Judge Michael R. Merz

                                    :

WALTER HERBERT RICE,
 CHIEF JUDGE, et al.,

       Defendants.

**REPORT AND RECOMMENDATIONS**

       This action is before the Court for review prior to issuance of process.  Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c).  §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

>determines that
>(A) the allegation of poverty is untrue; or
>(B) the action or appeal --
>(I) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

>Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

Review of the Complaint and of this Court's docket in *United States v. Alford*, Case No. 3:00-cr-065 (the "Criminal Case"), reveal that the Defendants in this case had the following roles in the Criminal Case. District Judge Walter Herbert Rice was the presiding district judge in the Criminal Case from the time an indictment was returned by the grand jury on July 11, 2000, charging Plaintiff with armed bank robbery. Defendants Sheila Lafferty and Mona Guerrier were Assistant United States Attorneys with various responsibilities in prosecuting the Criminal Case. Defendants Beth Goldstein Lewis and Jeffrey McQuistion were attorneys at law appointed to represent Plaintiff in the Criminal Case because he was indigent. Defendant Special Agent Donald Riedman was the Federal Bureau of Investigation agent responsible in part for investigating this case; in that capacity he testified at the preliminary examination and before the grand jury.

The Complaint against Judge Rice must be dismissed with prejudice because all of the acts alleged to have been done by him were done in his judicial capacity. The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 646 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v.*

3

*Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). . While immunity does not encompass administrative acts of judges, *Forrester v. White*, 484 U.S. 219 (1988), it does extend even to a case where a judge is alleged to have ordered police to use excessive force to bring a public defender before the court since the act allegedly done was within judicial capacity and in aid of jurisdiction. *Mireles v. Waco,* 502 U.S. 9 (1991). When a plaintiff alleges that a judge acted in a non-judicial capacity, the Sixth Circuit relies "on a functional analysis to determine which acts are protected, meaning that one must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" *Mann v. Conlin*, 22 F.3d 100 (6th Cir. 1994), quoting *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)(quoting *Forrester*, 484 U.S. at 227). "Paradigmatic judicial acts' are those that involve resolution of disputes "between parties who have invoked the jurisdiction of a court...." *Forrester,* 484 U.S. at 227. All of Judge Rice's acts alleged in the Complaint were judicial acts for which he is absolutely immune from money damages.

Assistant United States Attorneys Lafferty and Guerrier are also absolutely immune from any monetary liability. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Absolute immunity applies to professional evaluation of evidence assembled by the police. *Buckley.*

Special Agent Riedman is also absolutely immune. A witness in a criminal case is absolutely immune under 42 U.S.C. §1983 for claims arising from the testimony. *Briscoe v. LaHue,* 460 U.S. 325 (1983). The same principles would apply to an action brought against a federal law enforcement officer under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). 42 U.S.C. §1983 is the exclusive remedy for constitutional violations by state and local officials - no *Bivens* type action is available. *Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987);

4

*vacated on other grounds,* 872 F.2d 772 (6th Cir. 1989).  Conversely, the federal government and its officials are not subject to suit under § 1983.  *Ana Leon T. v. Fed. Reserve Bank,* 823 F.2d 928, 931 (6th Cir. 1987).

Ms. Lewis and Mr. McQuiston do not share the immunity of the other Defendants.  A public defender is not immune on allegation of intentional conspiracy to deprive of federal civil rights and the same would be true of a private attorney appointed under the Criminal Justice Act, which was Mr. McQuiston's status.  *Tower v. Glover*, 467 U.S. 914 (1984).

However, any claims against Ms. Lewis or Mr. McQuiston are absolutely barred by the statute of limitations.  In all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989).  The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code §2305.10.  *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F. 3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*).  The limitations period for a *Bivens* action in Ohio is two years.  *Kurinsky v. United States*, 33 F.3d 594 (6th Cir. 1994).  The last act alleged to have been committed by any of the Defendants happened on September 14, 2005 (Complaint, ¶ 12). The Complaint was not filed until November 12, 2010, more than five years later.

Under controlling law, none of the Defendants can possibly be held liable to Plaintiff for the money damages he seeks, either because of absolute immunity or because the statute of limitations has expired.  Therefore the Complaint should be dismissed with prejudice.
November 12, 2010.

                                                  s/ **Michael R. Merz**
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).