**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BRIAN KEITH ALFORD,

      Plaintiff,                 :            Case No. 3:10-cv-424

                                         Chief Judge Susan J. Dlott
      -vs-                                    Magistrate Judge Michael R. Merz

                                    :

WALTER HERBERT RICE,
  CHIEF JUDGE, et al.,

      Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This case is before the Court on Plaintiff's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 4) recommending that the Complaint herein be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Plaintiff brought this suit against United States District Judge Walter Herbert Rice, Assistant United States Attorneys Mona Guerrier and Sheila Lafferty, Assistant Federal Public Defender Beth Goldstein Lewis, appointed counsel Jeffrey McQuiston, and Special Agent Donald R. Riedman of the Federal Bureau of Investigation with respect to their roles in his prosecution in *United States v. Alford*, Case No. 3:00-cr-065, on this Court's docket.

The Report recommended dismissing the claims against Judge Rice, Special Agent Riedman, and the two Assistant United States Attorneys as barred by their absolute immunity from money damages (Report, Doc. No. 4, PageID 191-193, citing particular *Stump v. Sparkman*, 435 U.S. 349

1

(1978)(judges); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(prosecutors); and *Briscoe v. LaHue*, 460 U.S. 325 (1983)(witnesses)).

Plaintiff objects that "each of these Defendants conspired with each other to deprive Plaintiff of these [constitutional] rights and while doing so these acts were not judicial acts within the Court's jurisdiction." (Objections, Doc. No. 8, PageID 397.) However, absolute immunity is not defeated by conspiracy allegations. *Moses v. Parwatikar*, 813 F.2d 891 (8th Cir. 1987); see also *Alioto v. City of Shively, Kentucky*, 835 F.2d 1173, 1174 (6th Cir. 1987)(absolute witness immunity under *Briscoe* shields conspiracies to give false or incomplete testimony); *Macko v. Bryan*, 760 F.2d 95 (6th Cir. 1985)(same).

Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987), citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990); *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2d Cir. 1970). Plaintiff has not pled any acts by any of the Defendants outside the usual communication court actors have with one another in processing a criminal case, nor has he pled any unlawful object of the conspiracy. See *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).

As to defendants Lewis and McQuiston, the Magistrate Judge recommended that the Complaint be dismissed with prejudice as barred by the applicable two-year statute of limitations. Plaintiff does not dispute that two years is the applicable limitations period, but asserts he is entitled to benefit of the continuing wrong theory, to wit, that the statute starts to run when the wrongful conduct ceases, citing *Pope v. Baird*, 641 F. Supp. 489 (D.D.C. 1986). The actual holding in Pope is that a "civil damages action for conspiracy runs separately from every overt act that is alleged to cause damage to the plaintiff." *Id.* at 495, citing *Lawrence v. Acree*, 665 F.2d 1319 (D.C. Cir. 1981). The last overt act alleged by Plaintiff with respect to this alleged conspiracy happened in

2002 and the Complaint was not filed until 2010. Therefore the statute of limitations has long since run on all the claims in this case. Of course, the statute applies to claims against Judge Rice, Agent Riedman, and prosecutors Guerrier and Lafferty as well.

Plaintiff's claims are also barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477(1994), where the Supreme Court decided that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

*Id.* at 486-487.

Finally, Plaintiff's claims are barred by collateral estoppel. Each claim he makes in this matter was already made in his § 2255 proceeding in this Court and decided against him. This Court further found that the claims he made were sufficiently frivolous and without merit that he was denied leave to appeal *in forma pauperis* and a certificate of appealability, both by this Court and the Court of Appeals.

For all of the foregoing reasons, it is again respectfully recommended that the Complaint herein be dismissed with prejudice.

November 26, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).